UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

———————

Nos. 94-5887(L)
(CR-93-28-1, et al)

———————

United States of America,

Plaintiff - Appellee,

versus

Kenneth B. Kubinski, et al,

Defendants - Appellants.

———————

O R D E R

———————

The Court amends its opinion filed July 11, 1996, as follows:

On page 2, section 1 -- the first case number, for <u>United States v. Lewis</u>, is corrected to read "No. <u>94</u>-5895."

For the Court - By Direction

/s/ Bert M. Montague

———————
Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                          No. 94-5887

KENNETH B. KUBINSKI,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                          No. 94-5888

JACQUELYN M. KUBINSKI,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                          No. 94-5889

RAYMOND G. GERTH,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                          No. 94-5890

RICHARD M. KUBINSKI,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                          No. 94-5895

MARVIN W. LEWIS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                          No. 94-5931

JACQUELYN M. KUBINSKI,
Defendant-Appellee.

Appeals from the United States District Court
for the Eastern District of North Carolina, at Fayetteville.
Malcolm J. Howard, District Judge.
(CR-93-28-1, CR-93-28-5, CR-93-28-6, CR-93-28-7, CR-93-28-2)

Argued: June 5, 1996

Decided: July 11, 1996

Before RUSSELL, WILKINS, and NIEMEYER, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded with instructions
by
unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Thomas Kieran Maher, RUDOLF & MAHER, P.A.,
Chapel Hill, North Carolina, for Appellant Kenneth Kubinski; James

Riley Parish, PARISH, COOKE & RUSS, Fayetteville, North Caro-
lina, for Appellant Jacquelyn Kubinski; Jeffrey Lee Starkweather,
Chapel Hill, North Carolina, for Appellant Gerth; Ronald Douglas
McSwain, BOOSE & MCSWAIN, Fayetteville, North Carolina, for
Appellant Richard Kubinski; Robert Dale Jacobson, Lumberton,
North Carolina, for Appellant Lewis. Robert Edward Skiver, Assis-
tant United States Attorney, Raleigh, North Carolina, for Appellee.
**ON BRIEF:** David S. Rudolf, RUDOLF & MAHER, P.A., Chapel
Hill, North Carolina, for Appellant Kenneth Kubinski. Janice McKen-
zie Cole, United States Attorney, Raleigh, North Carolina, for
Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants, Kenneth B. Kubinski, Jacquelyn M. Kubinski, Ray-
mond G. Gerth, Richard M. Kubinski, and Marvin W. Lewis, raise
numerous challenges to their convictions for various drug and money
laundering offenses and their resulting sentences. Finding no revers-
ible error, we affirm all of their convictions and sentences, except for
the sentences imposed upon Jacquelyn Kubinski (Kubinski) and Mar-
vin Lewis. Because the district court failed to articulate adequately
the basis for Kubinski's sentence and to make adequate findings with
regard to the amount of drugs attributable to Lewis, we vacate their
sentences and remand for further proceedings.

I.

Viewed in the light most favorable to the Government, see Glasser
v. United States, 315 U.S. 60, 80 (1942), the record demonstrates that
Appellants, with the exception of Richard Kubinski, participated in a
large-scale conspiracy to distribute hundreds of kilograms of cocaine

and tons of marijuana over a period of several years. Several Appellants also laundered the profits from the drug conspiracy, investing the earnings in ventures such as motion picture production and real estate development. Kenneth Kubinski was the leader of the criminal activity, and the remaining Appellants participated in different capacities for varying lengths of time.

Appellants raise numerous issues on appeal. They claim that the district court improperly admitted into evidence prior consistent statements by Government witnesses, certain coconspirator statements, the results of Kenneth Kubinski's IRS audit, and evidence regarding prior unlawful acts by investors in a real estate development owned by Kenneth Kubinski. In addition, Appellants argue that limitations on the cross-examination of specific witnesses violated Appellants' Sixth Amendment rights to confrontation. Finally, they assert numerous challenges to their sentences. On cross appeal, the Government challenges the sentence that the district court imposed upon Kubinski, arguing that it improperly departed downward from the applicable guideline range. Having reviewed the record and arguments of counsel, we find no reversible error and affirm all convictions and sentences with two exceptions, specifically the sentences received by Kubinski and Lewis.

II.

Kubinski was convicted of conspiracy to distribute and to possess with the intent to distribute cocaine, marijuana, and hashish. _See_ 21 U.S.C.A. § 846 (West Supp. 1996). At sentencing, the district court specifically found that as a result of Kubinski's involvement in the conspiracy, she was responsible for at least 67 kilograms of cocaine, 7,104 pounds of marijuana, and 90 kilograms of hashish--resulting in an adjusted offense level of 36. _See_ United States Sentencing Commission, _Guidelines Manual_, §§ 1B1.3(a)(1)(B), 2D1.1(c)(2) (Nov. 1994). The district court then determined that this offense level, when combined with her Criminal History Category I, resulted in a guideline range of 188 to 235 months imprisonment. _See_ U.S.S.G. Ch. 5, Pt. A. The court, however, subsequently reduced Kubinski's offense level to 28, resulting in a guideline range of 78 to 97 months, _see id._,

and sentenced her to 78 months incarceration. In doing so, the district
court noted that there existed mitigating circumstances justifying a

4

lower sentence, specifically that Kubinski had three minor children and that "the present guideline may overrepresent[her] involvement."
J.A. 1826.

The Government appeals Kubinski's sentence, arguing that the district court improperly granted a downward departure. Kubinski, however, maintains that the sentence is proper because it was not based on an erroneous departure, but rather upon a reevaluation by the district court of its finding regarding the amount of drugs for which she was responsible and a corresponding reduction in her offense level.

Unquestionably, if the district court intended to depart from the applicable guideline range, the Government is correct that the district court abused its discretion and that the sentence imposed was in violation of the law. See Koon v. United States, Nos. 94-1664, 94-8842, 1996 WL 315800, at *10 (U.S. June 13, 1996). Because there is nothing extraordinary about the fact that Kubinski had three minor children, a departure on that basis was improper. See United States v. Goff, 907 F.2d 1441, 1446 (4th Cir. 1990); see also U.S.S.G. § 5H1.6, p.s. And, a belief by a district court that the sanction mandated by the guidelines is too severe is also an inappropriate ground for departure. See United States v. Jackson, 30 F.3d 199, 203 (1st Cir. 1994).

Furthermore, the 67 kilograms of cocaine for which Kubinski, at least initially, was held responsible requires the imposition of a statutory mandatory minimum sentence of 120 months. See 21 U.S.C.A. § 841(b)(1)(A) (West Supp. 1996). A district court may depart below a statutory minimum sentence only if the Government requests a departure based on the defendant's substantial assistance to authorities, see 18 U.S.C.A. § 3553(e) (West Supp. 1996); U.S.S.G § 5K1.1, comment. (n.1); United States v. Patterson, 38 F.3d 139, 146 n.8 (4th Cir. 1994), cert. denied, 115 S. Ct. 1968 (1995), or if the court finds that the defendant meets the criteria set forth in the safety valve provision, see 18 U.S.C.A. § 3553(f) (West Supp. 1996); U.S.S.G. § 5C1.2. Because the Government did not move for a downward departure based upon Kubinski's substantial assistance, and because the district

court determined that the safety valve provision did not apply, the court possessed no authority to impose a sentence below the statutorily required mandatory minimum sentence.

5

Although the record supports a conclusion that the district court intended to impose a sentence based on a departure from the applicable guideline range, we are unable to conclude with certainty whether the court intended to depart downward or engaged in a reevaluation of Kubinski's relevant conduct because it did not clearly articulate the basis for its sentencing decision. Therefore, we vacate the sentence and remand in order to permit the district court to clarify the basis for its determination of the appropriate offense level and to sentence accordingly.

III.

Marvin Lewis was convicted of several offenses, including conspiracy to distribute and to possess with intent to distribute cocaine, heroin, and hashish, see 21 U.S.C.A. § 846, and money laundering, see 18 U.S.C.A. § 1956(a)(1)(B)(i) (West Supp. 1996). At sentencing, Lewis objected to the proposed finding in the presentence report (PSR) that as a result of his involvement in the conspiracy he should be held responsible for 7,104 pounds of marijuana, 83.5 kilograms of cocaine, and 90 kilograms of hashish. Although the district court rejected the proposed finding of the PSR regarding the hashish, it failed to articulate a finding of the amounts of cocaine and heroin that should properly be attributed to Lewis for the purpose of determining his offense level.

As this court has held, "[w]hen the amount of drugs for which a defendant is to be held responsible is disputed, the district court must make an independent resolution of the factual issue at sentencing." United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993). And, in order to hold a defendant responsible for a quantity of drugs attributable to him as a result of his participation in a conspiracy, the district court must find that the acts giving rise to his liability were both reasonably foreseeable to him and within the scope of his agreement. See U.S.S.G. § 1B1.3, comment. (n.2); United States v. Estrada, 42 F.3d 228, 231 (4th Cir. 1994); Gilliam, 987 F.2d at 1012-13. Our review of the record indicates that the district court failed to make an

adequate factual resolution of Lewis' objection to the proposed find-
ing of the PSR. Accordingly, we vacate Lewis' sentence and remand
in order to permit the district court to reexamine this issue.

IV.

For the foregoing reasons, the convictions of all Appellants are affirmed. In addition, we affirm the sentences imposed by the district court with the exception of those given to Jacquelyn Kubinski and Marvin Lewis. Because we find the record on appeal insufficient to permit us to determine the basis for the sentence imposed upon Kubinski by the district court, and because the district court failed to make sufficient findings regarding the amount of drugs attributable to Lewis, we vacate their sentences and remand for further proceedings consistent with this opinion.

<u>AFFIRMED IN PART; VACATED IN PART; AND REMANDED</u>
<u>WITH INSTRUCTIONS</u>

7