**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Esteban Leyva ESTRADA,**
**Defendant–Appellant.**

**No. 94–5070.**

United States Court of Appeals,
Fourth Circuit.

Argued June 8, 1994.

Decided Dec. 20, 1994.

---

**ARGUED:** David Benjamin Smith, Jacobovitz, English & Smith, Alexandria, VA, for appellant. William Graham Otis, Senior Litigation Counsel, Alexandria, VA, for appellee. **ON BRIEF:** Helen F. Fahey, U.S. Atty., Alexandria, VA, for appellee.

Before WIDENER, MURNAGHAN, and WILKINS, Circuit Judges.

Vacated and remanded for resentencing by published opinion. Judge WILKINS wrote the opinion, in which Judge WIDENER and Judge MURNAGHAN joined.

## OPINION

WILKINS, Circuit Judge:

Esteban Leyva Estrada appeals a mandatory minimum five-year sentence imposed by the district court following his plea of guilty to conspiracy to possess with the intent to distribute and to distribute marijuana. *See* 21 U.S.C.A. §§ 841(b)(1)(B), 846 (West Supp. 1994). Estrada asserts that the district court erred by failing to make a sufficient factual finding to support attributing more than 100 kilograms of marijuana to him. We agree and remand.

### I.

A grand jury indicted Estrada on two counts. Count One charged Estrada with conspiracy to possess with the intent to distribute 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana and conspiracy to distribute marijuana, *see* 21 U.S.C.A. § 846, and Count Two charged Estrada with distribution of marijuana, *see* 21 U.S.C.A. § 841(a)

(West 1981). Following plea negotiations with the Government, Estrada pled guilty to Count One of the indictment pursuant to a plea agreement. The agreement provided that Estrada

> agrees to plead guilty to Count One of the pending indictment. Count One charges the defendant with conspiracy to possess with the intent to distribute one hundred (100) kilograms or more of a mixture and substance containing a detectable amount of marijuana.... The maximum[1] penalty for this offense is a mandatory minimum term of five (5) years of imprisonment, [and] a maximum term of imprisonment of forty (40) years.

In return for Estrada's plea of guilty to Count One, the agreement provided that Count Two of the indictment, as well as a pending state charge in Arizona, would be dismissed. The agreement incorporated a stipulation of facts, the first paragraph of which stated in pertinent part:

> In or about April 1992 through August 8, 1993, the defendant, ESTEBAN LEYVA ESTRADA, unlawfully, knowingly and intentionally combined, conspired, confederated and agreed with [three named coconspirators] and others to possess with the intent to distribute one hundred (100) kilograms or more of a mixture and substance containing a detectable amount of marijuana.

Five subsequent paragraphs detailed Estrada's personal distribution and possession of marijuana, attributing approximately 85 kilograms to him, while indicating that the conspiracy as a whole was responsible for approximately 117 kilograms. Finally, in exchange for the dismissal of the Arizona charge, Estrada stipulated that 79 kilograms of marijuana from the Arizona conspiracy "constitutes relevant conduct" within the meaning of United States Sentencing Commission, *Guidelines Manual*, § 1B1.3 (Nov. 1993), and as such "should be included as additional weight with the amounts listed in the Statement of Facts in this Plea Agreement for purposes of calculating the applicable sentencing guideline range in this case."[2]

At sentencing the parties agreed to, and the district court accepted, the attribution of approximately 164 kilograms of marijuana to Estrada as the relevant conduct on which his guideline sentence should be calculated. *See* U.S.S.G. § 1B1.3(a)(2). This amount was calculated based on the 79 kilograms of marijuana from the Arizona conspiracy and the 85 kilograms of marijuana for which he admitted personal responsibility in the statement of facts incorporated into the plea agreement. The attribution of 164 kilograms of marijuana produced an offense level of 26, *see* U.S.S.G. § 2D1.1(c)(9), which was reduced by 3 levels for Estrada's acceptance of responsibility, *see* U.S.S.G. § 3E1.1, resulting in an adjusted offense level of 23. This offense level, combined with Estrada's Criminal History Category I, produced a sentencing range of 46–57 months imprisonment.

The district court then turned to the question of the applicability of the five-year mandatory minimum sentence under 21 U.S.C.A. § 841(b)(1)(B).[3] Estrada maintained that at the time the plea agreement was executed, both defense counsel and the Government mistakenly believed that the mandatory minimum sentence was triggered by the 164-kilogram quantity of marijuana for which Estrada was held accountable under sentencing guidelines principles of relevant conduct; however, defense counsel subsequently became aware that only the quantity of marijuana for which Estrada was accountable as a result of his offense of conviction conduct could be considered in determining the applicability of the mandatory minimum sentence. *See United States v. Darmand,* 3 F.3d 1578, 1581 (2d Cir.1993). Because it was undisput-

---

**1.** This poorly drafted agreement incorrectly characterized the mandatory minimum penalty as the maximum sentence.

**2.** The district court conducted a thorough Rule 11 colloquy. When the district court asked Estrada whether he understood that if his plea were accepted he "would be imprisoned for at least five years," Estrada answered, "Yes."

**3.** Section 841(b)(1)(B)(vii) provides for a five-year mandatory minimum sentence when a defendant's violation involves "100 kilograms or more of a mixture or substance containing a detectable amount of marijuana."

ed that the 79 kilograms of marijuana from the Arizona conspiracy for which Estrada was held accountable was not a part of the offense of conviction conduct charged in Count One of the indictment, Estrada asserted that only the 85 kilograms of marijuana for which he admitted personal responsibility under the stipulation of facts should be attributed to him for purposes of determining the applicability of the mandatory minimum sentence. Because attribution of 100 kilograms of marijuana is necessary to trigger the mandatory minimum sentence, he maintains that it did not apply.

The district court concluded that even without considering the 79 kilograms of marijuana from the Arizona conspiracy, the five-year mandatory minimum sentence applied based on Estrada's plea agreement. The court stated:

> I think the statement of facts [incorporated into the plea agreement] itself warrants the five-year mandatory minimum in addition to the plea agreement, which pegs it at a five-year mandatory minimum.
>
> It's unfortunate if in retrospect they shouldn't have agreed to a five-year mandatory minimum, but it seems to me by agreeing to the mandatory minimum of five years, it's implicit in the statement of facts, if not expressed, that [Estrada] ... foresaw 100 kilograms or more of the marijuana as being involved in the conspiracy. I don't see how you can read the statement of facts any other way.

Accordingly, the district court imposed a sentence of 60 months imprisonment.

## II.

■ "The Government bears the burden of proving by a preponderance of the evidence the quantity of drugs for which a defendant should be held accountable at sentencing." *United States v. Gilliam,* 987 F.2d 1009, 1013 (4th Cir.1993). When the amount is disputed, the district court must resolve this factual question. *Id.* Estrada contends that the district court erred in concluding that the Government carried its burden of proving that he should be held accountable for over 100 kilograms of marijuana. The Government argues that the district court concluded

it had carried its burden of proving that Estrada should be held accountable for over 100 kilograms of marijuana for purposes of determining the applicability of the five-year mandatory minimum sentence because the court concluded that Estrada had admitted his culpability for this quantity in his plea agreement with its incorporation of stipulated facts. We cannot agree.

■ In *Gilliam* we addressed whether Gilliam's plea of guilty to an indictment charging that Gilliam and others had " 'knowingly combined, conspired and agreed together and along with ... [others] to distribute or to possess with intent to distribute at least thirty (30) kilograms' " of cocaine was sufficient to support the attribution of 30 kilograms of cocaine to Gilliam for sentencing purposes. *Id.* at 1016 (emphasis omitted) (Widener, J., dissenting) (quoting Gilliam's indictment). Recognizing that "in order to attribute to a defendant for sentencing purposes the acts of others in jointly-undertaken criminal activity, those acts must have been within the scope of the defendant's agreement and must have been reasonably foreseeable to the defendant," *id.* at 1012–13, we concluded that the language in Gilliam's indictment failed to "identify or ascribe any specific amount attributable to Gilliam as opposed to the conspiracy as a whole," *id.* at 1013–14. Similarly, Estrada's indictment, plea agreement, and stipulation of facts merely describe—in language virtually identical to that we considered in *Gilliam*—the quantity of marijuana for which the conspiracy as a whole was responsible. Aside from the 85 kilograms of marijuana for which Estrada admitted personal responsibility, they do not attribute an amount that was within the scope of his agreement and that was reasonably foreseeable to him.

■ Nor can we accept the conclusion of the district court that in acknowledging in his plea agreement that he would be subject to a five-year mandatory minimum sentence, Estrada implicitly admitted his culpability for over 100 kilograms of marijuana. Rather, it is undisputed that both defense counsel and the Government were laboring under the conceded misconception that the quantity of

drugs for which Estrada was accountable under the relevant conduct provisions of the sentencing guidelines triggered the application of the mandatory minimum sentence in § 841(b).[4] Thus, because it is undisputed that Estrada's acknowledgment of the applicability of the five-year mandatory minimum sentence was a result of this legal fallacy, we cannot view this acknowledgment as an implicit admission of his responsibility for over 100 kilograms of marijuana. Consequently, we conclude that the district court erred in construing the plea agreement as an admission by Estrada that over 100 kilograms of marijuana should be attributed to him.

### III.

The Government asserts that even if the district court erred in its view that the plea agreement constituted an implicit admission of Estrada's responsibility for over 100 kilograms of marijuana in the conspiracy charged in Count One, his 60–month sentence should nevertheless be affirmed for several alternative reasons. First, the Government claims that because Estrada agreed that the 79 kilograms of marijuana from the Arizona conspiracy should be included for purposes of determining his sentencing guideline range, this quantity of marijuana was properly included for purposes of triggering the mandatory minimum sentence in 21 U.S.C.A. § 841(b). This is so, the Government maintains, because the mandatory minimum sentence is a part of the calculation of the appropriate guideline range.

▬▬ Although the Government is correct that a statutorily required mandatory minimum sentence may be a part of the calculation of the correct guideline sentence,[5] this does not support its argument that the 79 kilograms of marijuana from the Arizona conspiracy should be included in determining the applicability of the mandatory minimum sentence; indeed, its argument begs the question. The mandatory minimum sentence is applied based only on conduct attributable to the offense of conviction. *See Darmand,* 3 F.3d at 1581. Because the 79 kilograms of marijuana from the Arizona conspiracy are not a part of the offense charged in Count One, it could not be properly considered in determining the applicability of the mandatory minimum sentence under § 841(b). On the other hand, the 79 kilograms of marijuana from the Arizona conspiracy is within the "same course of conduct or common scheme or plan" provision of U.S.S.G. § 1B1.3(a)(2) and therefore would be included in calculating Estrada's base offense level under U.S.S.G. § 2D1.1. In providing that the 79 kilograms of marijuana from the Arizona conspiracy should be included in calculating the applicable sentencing guideline range,

---

4. After November 1988, when a defendant is convicted of violating 21 U.S.C.A. § 846 and the object of the conspiracy is possession with the intent to distribute illegal drugs in violation of § 841(a), the penalty provisions of § 841(b) apply. *Gilliam,* 987 F.2d at 1011 n. 2. In determining the quantity of drugs for which the defendant should be held accountable under § 841(b) following a § 846 conviction, the district court must "assess the quantity of narcotics attributable to [the defendant] by relying on the principles set forth in *Pinkerton [v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946)]." *United States v. Irvin,* 2 F.3d 72, 77 (4th Cir. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1086, 127 L.Ed.2d 401 (1994). However, unlike the relevant conduct provisions of the sentencing guidelines that permit the court to consider quantities that are not a part of the offense of conviction, the quantity of narcotics attributed to the defendant for purposes of determining the applicability of the mandatory minimum provisions of § 841(b) is based only on specific offense of conviction conduct. *See Darmand,* 3 F.3d at 1581. In other words, to determine the quantity of drugs for which a defendant convicted of conspiracy to possess with the intent to distribute, or of conspiracy to distribute, should be held accountable for purposes of applying the mandatory minimum provisions of § 841(b), the district court must assess the offense of conviction conduct to determine the quantity of drugs that was reasonably foreseeable to the defendant and within the scope of the defendant's agreement. Because it was undisputed that the conspiracy charged in Count One, to which Estrada pled guilty, was a different conspiracy from the one in Arizona, the additional 79 kilograms of marijuana for which he was held accountable under the sentencing guidelines would not have been properly considered in determining whether the mandatory minimum sentence under § 841(b) applied.

5. For example, under U.S.S.G. § 5G1.1(b) when the "statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."

the plea agreement does not somehow authorize the district court to consider this amount when determining whether the mandatory minimum sentence applies. Thus, although a mandatory minimum sentence, when applicable, may affect a guideline sentence, Estrada's stipulation that the 79 kilograms of marijuana from the Arizona conspiracy should be included in determining his guideline sentence does not indicate his agreement that it should be included in the calculation of the mandatory minimum sentence.

Next, the Government contends that the district court made a factual determination that Estrada was personally responsible for over 100 kilograms of marijuana in the conspiracy charged in Count One and that because its finding is not clearly erroneous, this court must defer to it. Our review of the record, however, does not support the assertion of the Government that the district court made a factual determination of Estrada's responsibility for quantities of marijuana under the conspiracy charged in Count One. Although the Government offered evidence on this point that would have supported a finding that Estrada was responsible for over 100 kilograms of marijuana, the district court specifically declined to make a finding based on this evidence, instead choosing to rely on the language of the plea agreement. As we have previously discussed, reliance of the district court on the plea agreement to support its conclusion that the stipulation of facts incorporated into the plea agreement constituted an implicit agreement by Estrada of his responsibility for over 100 kilograms of marijuana was misplaced. While the district court, after completing an independent fact-finding, may properly conclude that the mandatory minimum sentence in 21 U.S.C.A. § 841(b)(1)(B) does apply, without the appropriate fact-finding being made, we cannot

presume what the district court would decide.

■ Finally, the Government contends that the district court did not err in imposing a five-year sentence because this is the sentence for which Estrada bargained. We do not construe the plea agreement as indicating that the United States and Estrada bargained for a minimum five-year sentence. While the plea agreement does state that "[t]he maximum [sic] penalty for this offense is a mandatory minimum term of five (5) years imprisonment, [and] a maximum term of imprisonment of forty (40) years," the plea agreement goes on to state that Estrada "is aware that [his] sentence will be imposed in accordance with the *Sentencing Guidelines,*" that "the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty," and that "the Court had not yet determined a sentence." Further, the agreement specifically notes that "[t]he United States makes no promise or representation concerning what sentence the defendant will receive." It is undisputed that when the parties entered the plea agreement, and when Estrada acknowledged the applicability of the mandatory minimum sentence during the plea colloquy, the parties were laboring under the legal misapprehension that the five-year mandatory minimum sentence would apply. Under these circumstances, we cannot conclude that Estrada bargained for a minimum five-year sentence in his plea agreement.[6]

## IV.

Having determined that the district court erred in concluding that the five-year mandatory minimum sentence contained in 21 U.S.C.A. § 841(b)(1)(B) applied to Estrada's

---

6. The Government contends that the conclusion that Estrada must have bargained for a minimum five-year sentence is dictated by our decision in *Gilliam.* The Government notes that the parties to the plea agreement at issue in *Gilliam* also entered the agreement under the misapprehension that a mandatory minimum sentence would apply and that this court nevertheless concluded that Gilliam had bargained for a minimum sentence of 120 months. However, no mention was made in *Gilliam* of other provisions

in the plea agreement, like those in Estrada's plea agreement, which evince that a minimum sentence was not bargained for. And, our decision that Gilliam intended to bargain for a minimum 120–month sentence was bolstered by the fact that Gilliam—unlike Estrada, who objected to application of the mandatory minimum—expressed his understanding at sentencing that he was subject to a minimum 120–month sentence. Thus, we do not view our decision in *Gilliam* as controlling on this issue.

conduct on the basis of his plea agreement, we remand for resentencing.

*VACATED AND REMANDED FOR RE-SENTENCING.*