**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 96-4922

ANTONIO ESPINAL,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Robert E. Payne, District Judge.
(CR-95-39-A)

Argued: January 30, 1998

Decided: April 6, 1998

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Claude David Convisser, Alexandria, Virginia, for Appel-
lant. Thomas More Hollenhorst, Assistant United States Attorney,
Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant, Antonio Espinal (Espinal), was convicted of two counts of conspiracy to distribute or to possess with intent to distribute certain quantities of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846. At sentencing, the district court determined that 5 to 15 kilograms of cocaine were attributable to Espinal, thus resulting in a base offense level of 32 under § 2D1.1(c)(4) of the United States Sentencing Guidelines. The district court sentenced Espinal, within the applicable range, to 188 months' imprisonment. On appeal, Espinal challenges the district court's findings with respect to the quantity of cocaine reasonably attributable to him. He also charges error in the district court's failure to state its reasons, as required by 18 U.S.C. § 3553(c)(1), for its choice of sentence.

In reviewing a sentence imposed under the Sentencing Guidelines, we give "due regard to the opportunity of the district court to judge the credibility of the witnesses," and we must "accept the findings of fact of the district court unless they are clearly erroneous." 18 U.S.C. § 3742(d).

We first consider the question of drug quantities. Although Espinal concedes involvement with 3.037 kilograms, he maintains that the district court erred in adding to that amount 9.972 kilograms seized from drug courier Maria Paulino, and 2 kilograms, formed into the shape of two shoes, which were seized from drug courier Felisa Moran following a flight with Espinal.

When a dispute exists over the quantity of drugs reasonably attributable to a defendant, the district court must make an independent resolution of the factual issue during sentencing. See United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993) (citing U.S.S.G. § 6A1.3(b)). Where, as here, the defendant's conduct occurred within a conspiracy, the court may sentence the defendant for acts committed by co-conspirators, so long as the acts were in furtherance of the conspiracy and reasonably foreseeable to the defendant. See U.S.S.G. § 1B1.3(a)(1)(B). The Government bears the burden of proving all drug quantities by a preponderance of the evidence. See United States

2

v. Estrada, 42 F.3d 228, 231 (4th Cir. 1994) (citation omitted). Although accuracy is important, we have held that mathematical precision is not necessary and that a reasonable approximation of quantity will suffice. See United States v. Uwaeme , 975 F.2d 1016, 1018-19 (4th Cir. 1992).

In the present case, the district court's finding with respect to the 2 kilogram weight of the shoe-shaped objects may have been clearly erroneous, as the district court failed to ascertain the size and gender of the shoes before determining the weight of cocaine they contained. However, even assuming that such error occurred, we find it unnecessary to vacate Espinal's sentence, since we cannot say that the district court clearly erred in attributing to Espinal the 9.972 kilograms seized from Maria Paulino. The district judge had the opportunity to hear the evidence and to assess the credibility of witnesses. On the record presented, it is reasonable to find, as the district court did, that the 9.972 kilograms were trafficked in furtherance of the criminal enterprise and that the shipment was foreseeable to Espinal as a member of the conspiracy. We therefore affirm Espinal's sentence within the 5 to 15 kilogram range.

We next consider the district court's failure to provide reasons for its choice of sentence. Pursuant to 18 U.S.C. § 3553(c)(1), where a sentence exceeds 24 months the district court is required to state its reasons "for imposing a sentence at a particular point within the [applicable] range." Here, the parties agree that the district court erred in failing to state reasons for the sentence imposed. However, because Espinal failed to preserve the error by way of a timely objection at trial, we are entitled to notice the error, under Fed. R. Crim. P. 52(b) and United States v. Olano, 507 U.S. 725, 732-35 (1993), only if the error is "plain" and affects the defendant's "substantial rights." Even where such error is present, the decision to correct the error remains "within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error `seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Olano, 507 U.S. at 732 (quoting United States v. Young, 470 U.S. 1, 15 (1985)).

We are not convinced that a failure to provide reasons under § 3553(c)(1) is the sort of error that requires correction even when

3

forfeited by the defendant. Trial counsel is presumably aware of the dictates of that provision, and it is incumbent upon counsel to object and demand a statement of reasons during sentencing. In the absence of such objection, we can perceive of no compelling reason to notice the error.

The judgment is accordingly

AFFIRMED.

4