**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                        No. 96-4501

DAVID ZACKERY,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Chief District Judge.
(CR-94-141)

Argued: September 23, 1998

Decided: October 20, 1998

Before WILKINS, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Richard Angotti, ANGOTTI & STRAFACE, L.C.,
Morgantown, West Virginia, for Appellant. Robert H. McWilliams,
Jr., Assistant United States Attorney, Wheeling, West Virginia, for
Appellee. **ON BRIEF:** William D. Wilmoth, United States Attorney,
Paul T. Camilletti, Assistant United States Attorney, Wheeling, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David Zackery was charged with manufacturing methamphetamine, use of a firearm during a drug trafficking offense, and two counts of possession with intent to distribute methamphetamine. He pleaded guilty to the single count of manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 70 months imprisonment. He now challenges his sentence, disputing the district court's calculation of drug quantities. For the reasons mentioned below, we vacate Zackery's sentence and remand for resentencing.

I.

The presentence report for Zackery listed quantities of drugs seized on four different occasions. On October 4, 1994, the police searched Zackery's house and seized a drug mixture weighing 51.01 grams, including 0.969 grams of pure methamphetamine.[1] They also seized laboratory equipment, chemistry reference books, and a handgun. The following day, the police searched his car and found a drug mixture weighing 6.938 grams, including 0.069 grams of pure methamphetamine. During a traffic stop on November 22, 1994, the police conducted a consent search of Zackery's car, finding two bags of methamphetamine, weighing 15.1 grams and 30.1 grams, and pieces of paper bearing methamphetamine residue. Finally, on December 14, 1994, the police searched his car and found two bottles of drugs. One bottle contained 2.86 grams of methamphetamine crystals. The other was filled with 265 ml. of a liquid containing traces of methamphetamine. The presentence report included the entire 265 ml. mixture as relevant conduct, which Zackery disputed by presenting expert testimony as to the nature of the mixture.

_____

[1] It was only this mixture or substance that was charged in the manufacturing count, the count of conviction.

2

The district court adopted the findings of the presentence report. The drug quantity findings yielded an offense level of 26 under the Sentencing Guidelines, which was reduced three levels for Zackery's acceptance of responsibility. Based on a total offense level of 23 and a criminal history category of IV, the guideline range for imprisonment was between 70 and 87 months. As mentioned, Zackery received 70 months, and he appeals his sentence.

II.

Zackery argues, and the government agrees, that the district court should not have included the entire 265 ml. of the liquid drug mixture found in one of the bottles seized on December 14, 1994. Before the defense expert could conduct his own tests on the liquid, it had evaporated, leaving only a sticky residue in the bottle. However, the expert, whose testimony is uncontested, said that the liquid was an unusable (poisonous) by-product of the drug manufacturing process.

Under the Sentencing Guidelines, unusable materials are excluded in determining the weight of a mixture or substance containing a detectable amount of a controlled substance. Application Note 1, U.S.S.G. §2D1.1 ("Mixture or substance does not include materials that must be separated from the controlled substance before the controlled substance can be used."). The district court therefore erred by including the entire 265 ml. of liquid in its calculation. On remand, the court should subtract the unusable portion of the liquid.**2**

III.

The only remaining question is whether Zackery is subject on resentencing to a mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B). The government now concedes that he is not.**3** Zack-

_____

**2** The Guidelines specify that "[i]f such material cannot readily be separated from the mixture or substance that appropriately is counted in the Drug Quantity Table, the court may use any reasonable method to approximate the weight of the mixture or substance to be counted." Application Note 1, U.S.S.G. §2D1.1.

**3** In its initial brief the government argued that Zackery was subject on resentencing to a mandatory prison term of five years. At oral argument

3

ery pleaded guilty to a single count of manufacturing methamphet-amine. Therefore, only the drugs attributable to the manufacturing offense should be counted for purposes of determining whether the mandatory minimum applies. See United States v. Estrada, 42 F.3d 228 (4th Cir. 1994). The government agrees that the drugs to be considered on this question are those seized in the police search of Zackery's house on October 4, 1994. During that search the police seized 51.01 grams of a drug mixture containing 0.969 grams of pure methamphetamine. The five-year mandatory minimum sentence only applies if the entire drug mixture weighs at least 100 grams or the weight of pure drugs is at least 10 grams. 21 U.S.C. § 841(b)(1)(B)(viii). Therefore, the mandatory minimum penalty does not apply.**4**

We vacate Zackery's sentence and remand the case to the district court for resentencing.

VACATED AND REMANDED

_____

the government pointed out that it was mistaken in its initial position, and it has since advised us in writing that Zackery "is not subject to the mandatory five year minimum penalty." Appellee's Supp. Br. at 1. We appreciate the government's candor.

**4** We express no opinion as to whether, for purposes of 21 U.S.C. § 841(b), unusable portions of a drug mixture should be excluded, as happens under the Sentencing Guidelines.

4