UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4847

JOHN KEVIN HARTLEY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CR-98-417-MJP)

Submitted: November 30, 1999

Decided: December 22, 1999

Before MURNAGHAN, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Parks N. Small, Federal Public Defender, Columbia, South Carolina,
for Appellant. J. Rene Josey, United States Attorney, Cameron G.
Chandler, Assistant United States Attorney, Columbia, South Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

John Kevin Hartley appeals the sixty-month statutory minimum sentence he received after his guilty plea to conspiracy to possess marijuana with intent to distribute and to distribute marijuana. See 21 U.S.C. § 846 (1994). He contends that the district court erred in imposing the mandatory minimum five-year sentence without finding that at least 100 kilograms of marijuana were involved in the offense of conviction. We affirm.

Hartley was arrested just as he was about to receive fifty-two pounds of marijuana from co-defendant Gary Bennett. Bennett and a third defendant, Saladin Shabazz, had already been arrested and both were cooperating. Bennett told authorities that he had delivered between 600 and 800 pounds of marijuana (between 272 and 362 kilograms) to Hartley during the course of the conspiracy. Hartley was charged with conspiring with Bennett and Shabazz from the summer of 1996 until May 1998.

Following his guilty plea and preparation of the presentence report, Hartley objected to the probation officer's recommendation for a base offense level of 26 (100-400 kilograms marijuana). See U.S. Sentencing Guidelines Manual § 2D1.1 (1998). However, at the sentencing hearing, Hartley withdrew all objections to the presentence report. With a three-level adjustment for acceptance of responsibility, Hartley's offense level was 23. He was in criminal history category III, which gave him a guideline range of 57-71 months. However, the five-year statutory minimum sentence made the range 60-71 months. See USSG § 5G1.1(c)(2).

Hartley's attorney then asked the district court to declare unconstitutional the statutory minimum sentence of five years required under § 841(b)(1)(B)(vii) for offenses involving more than 100 kilograms of marijuana. The district court declined to do so. The court imposed the minimum sentence of sixty months. Because Hartley withdrew his objections to the presentence report, there was no dispute at sentencing as to the amount of marijuana involved in the conspiracy and attributable to Hartley. Bennett alleged that he had delivered the

2

whole 400-800 pounds to Hartley, so reasonable foreseeability was not an issue. See USSG § 1B1.3(a)(1)(A). The government has carried its burden of proving the amount of drugs because Hartley abandoned his objection to the recommended finding in the presentence report that the district court found reliable. See United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993). The court's adoption of the recommended findings in the presentence report was an implied finding of reliability. No further findings by the district court were needed.

The cases cited by Hartley are distinguishable. In both United States v. Estrada, 42 F.3d 228, 232 (4th Cir. 1994), and United States v. Darmand, 3 F.3d 1578, 1581 (2d Cir. 1993), the district court included drugs from separate conspiracies not part of the instant offense of conviction to reach the threshold necessary to trigger the mandatory minimum sentence. In this case, all the drugs used to calculate the offense level were part of the instant offense.

Because the district court did not err in imposing the mandatory minimum sentence, we affirm the sentence. The government's motion to submit the case on the briefs is granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED