UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4305

RICKY DALE PICKRAL, a/k/a Ricky
Dale Pickeral,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Lynchburg.
Norman K. Moon, District Judge.
(CR-98-40059)

Submitted: July 14, 2000

Decided: August 15, 2000

Before MOTZ and KING, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Patterson Rogers, 3rd, Danville, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Joseph W.H. Mott, Assistant
United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ricky Dale Pickral appeals his 188-month sentence imposed upon his guilty plea to conspiracy to distribute cocaine, cocaine base, and marijuana, see 18 U.S.C. § 846 (1994), and causing, or threatening to cause, bodily injury to a witness to a federal offense, see 18 U.S.C. § 1513(b)(2) (1994). We find no merit to the sole issue raised on appeal and therefore affirm.

Pickral was a mid-level distributor in a drug trafficking organization run by Brian Doss. The operation was responsible for distributing large quantities of cocaine, cocaine base, and marijuana in Pittsylvania County, Virginia. As a mid-level distributor in the organization, Pickral received drugs from Doss, and in turn sold them himself or supplied them to other conspirators, including Kevin Maddox and Clarence Barbour, for resale. At sentencing, the district court adopted the presentence report, which identified eighteen separate drug purchases and seizures from members of the Doss organization, including Pickral. The marijuana equivalency of those transactions was 5363.56 kilograms. See U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.10) (1998) (differing controlled substances are converted to marijuana equivalents to obtain combined offense level).

At sentencing, Pickral argued that the court should hold him accountable only for the amount of drugs for which he was "directly" responsible, or roughly the equivalent of 563 kilograms of marijuana. On appeal, he continues this argument, stating that he should not be held accountable for the conduct of his coconspirators.

We review the district court's factual finding as to the weight of drugs for clear error. See United States v. Lipford, 203 F.3d 259, 271 (4th Cir. 2000). Where, as here, the defendant's conduct occurred within a conspiracy, the court may sentence the defendant for acts

2

committed by coconspirators, so long as the acts were in furtherance of the conspiracy and reasonably foreseeable to the defendant. See USSG § 1B1.3(a)(1)(B); United States v. Williams, 986 F.2d 86, 90-91 (4th Cir. 1993). The Government bears the burden of proving the drug quantity for which a defendant is responsible by a preponderance of the evidence. See United States v. Estrada , 42 F.3d 228, 231 (4th Cir. 1994).

Here, the district court did not clearly err in attributing to Pickral drugs with a marijuana equivalency of over 5363 kilograms. The drugs clearly were distributed in furtherance of the conspiracy. As a mid-level dealer in the Doss organization, this amount of drugs was foreseeable to Pickral. Finally, the amount for which Pickral was held accountable was well documented as the result of undercover drug purchases and seizures.

We therefore affirm Pickral's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED