UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

CAMERINO ALMAZAN-CARBAJAL,
　　　　　　*Defendant-Appellant.*

No. 01-4281

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-00-341)

Submitted: November 14, 2001

Decided: December 3, 2001

Before WIDENER, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Steven H. Levin, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Camerino Almazan-Carbajal appeals his sentence for distributing methamphetamine in violation of 21 U.S.C.A. §§ 841 (a)(1), (b)(1)(B) (West 1999 & Supp. 2001). His sole claim on appeal is that the district court erred in enhancing his base offense level for possession of a firearm during the drug trafficking offense pursuant to *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2000). Finding no plain error, we affirm.

Almazan-Carbajal did not object to the sentencing enhancement in the district court. Therefore, we will review the district court's findings for plain error. *See United States v. Olano*, 507 U.S. 725, 732 (1993); *United States v. Walker*, 112 F.3d 163, 166 (4th Cir. 1997). The government has the burden of proving sentencing factors by a preponderance of the evidence. *See United States v. Estrada*, 42 F.3d 228, 231 (4th Cir. 1994). In proving these factors, the government may rely upon information found in a defendant's presentence report unless the defendant affirmatively shows that such information is inaccurate or unreliable. *See United States v. Gilliam*, 987 F.2d 1009, 1014 (4th Cir. 1993); *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990).

Almazan-Carbajal asserts the evidence was insufficient to connect his use of a firearm to the drug trafficking offense. Almazan-Carbajal's presentence report recommended the USSG § 2D1.1(b)(1) enhancement based on evidence that firearms were recovered at his place of business where undercover officers had previously bought drugs from him, thus satisfying the government's initial burden of proof. *See United States v. Harris*, 128 F.3d 850, 852 (4th Cir. 1997) (explaining that "proof of precisely concurrent acts" is not required for enhancement under Section 2D1.1(b)(1) and that "the proximity of guns to illicit narcotics can support a district court's enhancement

of a defendant's sentence under Section 2D1.1(b)(1)"). Almazan-Carbajal presented no affirmative evidence undermining the reliability of the presentence report and never maintained he did not possess the guns found at his place of business.

Accordingly, we find no plain error in the district court's application of a two-level enhancement to Almazan-Carbajal's offense level for possessing a firearm in connection with a drug trafficking offense pursuant to USSG § 2D1.1(b)(1). We therefore affirm Almazan-Carbajal's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*