**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-5032**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

RAYNAULD GERALD BRADLEY, JR.,

        Defendant – Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge.
(8:12-cr-00249-RWT-1)

Argued:  May 15, 2014         Decided:  August 14, 2014

Before KING, WYNN, and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Arthur Samuel Cheslock, Baltimore, Maryland, for
Appellant.  Kelly O. Hayes, OFFICE OF THE UNITED STATES
ATTORNEY, Greenbelt, Maryland, for Appellee.  **ON BRIEF:** Rod J.
Rosenstein, United States Attorney, OFFICE OF THE UNITED STATES
ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raynauld Gerald Bradley, Jr., pleaded guilty in the District of Maryland to all charges in a three-count indictment and was sentenced to 120 months in prison. For this appeal, his court-appointed lawyer filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious grounds for appellate relief. In fulfilling our Anders obligation to independently review the record, however, we have identified two instances of plain sentencing error that warrant relief under the applicable standard. Accordingly, we vacate Bradley's sentence and remand for resentencing.[1]

I.

The grand jury's indictment of May 9, 2012, charged Bradley with possession with intent to distribute a detectable amount of marijuana, in contravention of 21 U.S.C. § 841(a)(1) (Count One); possession of firearms in furtherance of the Count One drug offense, in violation of 18 U.S.C. § 924(c) (Count Two); and possession of firearms by a convicted felon, as proscribed

---

[1] On October 31, 2013, we denied the government's motion to dismiss this appeal as barred by Bradley's waiver of the right to appeal included in his plea agreement. This decision addresses the sentencing issues only, in that we discern no infirmities that would entitle Bradley to relief from any of his convictions.

by 18 U.S.C. § 922(g)(1) (Count Three). According to the indictment, the offenses occurred on or about April 27, 2011.

In late July 2012, Bradley and the government entered into a written plea agreement, under which Bradley admitted his guilt to Counts One through Three. See United States v. Bradley, No. 8:12-cr-00249 (D. Md. July 27, 2012), ECF No. 22. As part of the agreement, the parties stipulated that the government would have proven the following facts at trial:

> On April [27], 2011,[2] agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives and troopers with the Maryland State Police executed a search warrant at [BRADLEY's residence in Prince George's County, Maryland]. Pursuant to the search warrant, law enforcement officers recovered a loaded Davis Industries, Model P380, .380 caliber handgun . . . ; a loaded Zabala, Model Unknown, 12 gauge double barreled shotgun with a cut-off wooden stock . . . ; 1522.3 grams of marijuana; 2.9 grams of cocaine base, commonly known as crack; two digital scales and one sifter with marijuana residue; drug packaging materials; three handgun magazines; 15 rounds of assorted ammunition; and approximately $5,774.00 in United States currency.

> After waiving his Miranda rights,[3] BRADLEY admitted that the firearms, marijuana, and crack belonged to him. BRADLEY intended to sell the marijuana that was found in his residence and possessed the digital scales, the sifters, and the packaging materials to measure and package the marijuana for sale. BRADLEY previously had sold marijuana in Maryland from 2000 through 2006.

---

[2] Although the stipulation contains the date April 14, 2011, it is undisputed that the correct date is April 27, 2011.

[3] See Miranda v. Arizona, 384 U.S. 436 (1966).

3

*Id.* at 9. The parties further stipulated, inter alia, that Bradley "knowingly possessed both firearms in order to protect his drug distribution efforts," and that he had been convicted on September 26, 2006, of two felonies in a Maryland state court. *Id.*

Following Bradley's guilty pleas, his probation officer prepared a presentence report (the "PSR"). For purposes of the Sentencing Guidelines, the PSR grouped the Count One drug offense with the Count Three firearms offense. See USSG § 3D1.2(c) (2011). Because it was the more serious offense, Count One was used to determine the group offense level. *Id.* § 3D1.3(a). The PSR calculated — taking into consideration not only the 1.5223 kilograms of marijuana recovered from Bradley's residence on April 27, 2011, but also additional marijuana that he had previously sold — that Bradley's Count One relevant conduct involved 100 to 400 kilograms of marijuana. *Id.* § 1B1.3(a). Consequently, the PSR assigned an offense level of 26, *id.* § 2D1.1(c)(7), which it then lowered to 23 premised on Bradley's acceptance of responsibility, *id.* § 3E1.1. The offense level of 23 and a criminal history category of II resulted in an advisory Guidelines range of fifty-one to sixty-three months of imprisonment, with Count Three's prison term to

4

run concurrently with that imposed on Count One. Id. § 5G1.2(c).

The PSR further determined, however, that Count One carried a statutory minimum sentence of five years (sixty months) pursuant to 21 U.S.C. § 841(b)(1)(B). In so concluding, the PSR relied on the same relevant conduct — the sale of more than 100 kilograms of marijuana prior to April 27, 2011 — that had been used to calculate Bradley's offense level under the Sentencing Guidelines. As a result, the advisory Guidelines range for Count One became sixty to sixty-three months of imprisonment.

With respect to the Count Two firearms offense, the PSR recognized that the advisory Guidelines sentence was the statutory minimum, to run consecutively to the concurrent prison terms imposed on Counts One and Three. See USSG § 2K2.4(b). The PSR thus recommended for Count Two a concurrent term of five years (sixty months), the statutory minimum under 18 U.S.C. § 924(c)(1)(A)(i).

In his sentencing memorandum of December 4, 2012, and during his sentencing hearing of December 6, 2012, Bradley disputed that he had sold more than 100 kilograms of marijuana and objected to being sentenced on Count One to 21 U.S.C. § 841(b)(1)(B)'s five-year minimum. Nonetheless, the district court found that Bradley "rather easily [got] up to the 100-kilogram level" and thus agreed with the PSR that the advisory

5

Guidelines range for Counts One and Three was fifty-one to sixty-three months of imprisonment. See Transcript of Sentencing at 43-44, United States v. Bradley, No. 8:12-cr-00249 (D. Md. Dec. 6, 2012; filed Apr. 29, 2013), ECF No. 49. Additionally, the court concluded that Count One's Guidelines range was "trumped by the mandatory minimum," leaving "a fairly narrow sentencing range" of sixty to sixty-three months. Id. at 56. The court settled on a sixty-month sentence on Count One and a concurrent "same sentence" on Count Three, plus the mandatory consecutive sixty-month sentence on Count Two. Id. at 59. By its judgment of December 6, 2012, the court sentenced Bradley to a total of 120 months in prison.

Bradley timely noted this appeal, and, on June 6, 2013, his court-appointed lawyer filed the Anders brief. Thereafter, on June 11, 2013, the district court amended its judgment to correct an error with respect to the date of Bradley's offenses.

## II.

On June 17, 2013, the Supreme Court issued its decision in Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013) (overruling contrary precedent and holding "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury"). We subsequently directed the parties to file supplemental briefs addressing the impact of Alleyne on

6

Bradley's case, including whether the district court erred by imposing a statutory minimum sentence on Count One. During oral argument, we asked whether the court also erred in its Count One statutory minimum analysis by considering drug quantities beyond those involved in the offense of conviction, in contravention of our decision in United States v. Estrada, 42 F.3d 228, 232 & n.4 (4th Cir. 1994).

Because Bradley did not articulate either an Alleyne- or Estrada-type ground when he objected in the district court to application of the mandatory minimum, our review is for plain error. See Fed. R. Crim. P. 52(b); United States v. Mackins, 315 F.3d 399, 406-07 (4th Cir. 2003). To demonstrate plain error, a defendant bears the burden of showing (1) that an error occurred, (2) that it was plain, and (3) that it affected his substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993). If the defendant can make such a showing, correction of plain error lies within our discretion, which we "should not exercise . . . unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (alterations and internal quotation marks omitted).

As for the first Olano prong, the district court committed error under both Alleyne and Estrada. Nearly twenty years before Bradley's sentencing, in Estrada, we recognized that a

7

"mandatory minimum sentence is applied based only on conduct attributable to the offense of conviction." See 42 F.3d at 232 (citing United States v. Darmand, 3 F.3d 1578, 1581 (2d Cir. 1993)). That is, "unlike the relevant conduct provisions of the sentencing guidelines that permit the court to consider quantities that are not a part of the offense of conviction, the quantity of narcotics attributed to the defendant for purposes of determining the applicability of the mandatory minimum provisions of [21 U.S.C.] § 841(b) is based only on specific offense of conviction conduct." Id. at 232 n.4. Bradley's Count One offense of conviction conduct was the possession on April 27, 2011, of 1.5223 kilograms of marijuana that he intended to sell. Accordingly, solely that quantity should have been considered by the district court in identifying the applicable penalty provision of § 841(b).

Following Bradley's sentencing, in Alleyne, the Supreme Court extended to mandatory minimum sentences the rule of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (holding that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). Concomitantly, Alleyne overruled Harris v. United States, 536 U.S. 545 (2002), which had "held that judicial factfinding that increases the mandatory minimum

8

sentence for a crime is permissible under the Sixth Amendment." Alleyne, 133 S. Ct. at 2155. The Alleyne Court explained that "[j]uries must find any facts that increase either the statutory maximum or minimum because the Sixth Amendment applies where a finding of fact both alters the legally prescribed range and does so in a way that aggravates the penalty." Id. at 2161 n.2 (emphasis omitted); see also United States v. Booker, 543 U.S. 220, 232 (2005) (observing that a defendant's Sixth Amendment "right to have the jury find the existence of any particular fact that the law makes essential to his punishment . . . is implicated whenever a judge seeks to impose a sentence that is not solely based on facts reflected in the jury verdict or admitted by the defendant" (internal quotation marks omitted)); United States v. Cotton, 535 U.S. 625, 627 (2002) ("In federal prosecutions, such facts must also be charged in the indictment."). Thus, as we now know from Alleyne, Bradley was not subject to § 841(b)(1)(B)'s five-year minimum because the threshold drug quantity (100 kilograms of marijuana) was neither alleged in the indictment nor admitted by Bradley in connection with his guilty plea.

Turning to the second Olano prong, the district court's Alleyne and Estrada errors were plain. As discussed above, our Estrada decision has been in force since 1994. See Olano, 507 U.S. at 734 (explaining that error is plain if it "is clear

9

under current law"). And, although Bradley's sentencing predated the Supreme Court's 2013 decision in Alleyne, that decision was issued during the pendency of this appeal. See Johnson v. United States, 520 U.S. 461, 467 (1997) (concluding that, "where the law at the time of trial was settled and clearly contrary to the law at the time of appeal[,] it is enough that an error be plain at the time of appellate consideration").

Nevertheless, the government contends that Bradley cannot overcome the third prong of Olano, in that he cannot show prejudice. That is so, according to the government, because the district court made clear that it would have sentenced Bradley to sixty months on Count One even if the statutory minimum did not apply, and because Bradley was in any event sentenced to a concurrent term of sixty months on Count Three. See Supplemental Br. of Appellee at 16 ("[E]ven if the court had not applied the mandatory minimum on Count One, the defendant still would have faced 60 months' imprisonment on Count Three, followed by 60 months' imprisonment on Count Two . . . . As such, independent of the sentence imposed on Count One, the defendant would have faced the same total sentence of 120 months' imprisonment." (footnote omitted)).

Upon careful study of the sentencing hearing transcript, we disagree with the government. First, "we are unable to state

10

with any certainty that [the district court] would have imposed the same sentence had the [mandatory minimum] not been in play." Cf. United States v. Gomez, 690 F.3d 194, 203 (4th Cir. 2012) (rejecting government's harmlessness contention with respect to Guidelines calculation error). Indeed, the court emphasized that it was constrained by the five-year statutory minimum and imposed what it thought was the shortest possible prison term. See, e.g., Transcript of Sentencing at 57, United States v. Bradley, No. 8:12-cr-00249 (D. Md. Dec. 6, 2012; filed Apr. 29, 2013), ECF No. 49 ("Congress has made a determination by which I'm bound that mandatory minimums must be imposed and I have no discretion in that regard. So . . . , the sentence must be at least 120 months[, i.e., consecutive terms of sixty months each on Counts One and Two].").

Furthermore, we recognize that, in imposing the concurrent sixty-month sentence on Count Three, the district court was simply complying with the Sentencing Guidelines. Significantly, Counts One and Three were grouped for Guidelines purposes, with Count One being designated the more serious offense used to determine the group offense level. Once the court determined the advisory Guidelines range for Count One and chose a bottom-end sentence of sixty months, the court was required to impose a concurrent term of the same sixty-month length on Count Three. See USSG § 5G1.2(b)-(c) & cmt. n.1 (2011); United States v.

11

<u>Salter</u>, 241 F.3d 392, 395-96 (5th Cir. 2001).[4]  Evincing an understanding of its section 5G1.2 obligation, the court focused on Count One and barely discussed Count Three.  Nothing in the sentencing hearing transcript indicates that the court engaged — as the government incorrectly suggests it could have — in a separate and independent analysis of the appropriate Count Three sentence.

In these circumstances, the district court's <u>Alleyne</u> and <u>Estrada</u> errors afflicted Bradley's sentence as to both Counts One and Three, and Bradley can make the <u>Olano</u> third prong showing that those errors affected his substantial rights.  Respecting the final prong of <u>Olano</u>, we exercise our discretion to correct the errors, because allowing Bradley's improper mandatory minimum sentence to stand would seriously affect the fairness, integrity, and public reputation of judicial

---

[4]  Notably, clarifying revisions to section 5G1.2 became effective on November 1, 2012, more than a month prior to Bradley's December 6, 2012 sentencing under the 2011 edition of the Guidelines.  As revised, section 5G1.2's commentary "clarifies that when any count involves a mandatory minimum that restricts the defendant's guideline range, the guideline range is restricted as to all counts."  USSG app. C, amdt. 767 (2012). The commentary also reiterates that, "[e]xcept as otherwise required by [the Guidelines] or any other law, the total punishment is to be imposed on each count and the sentences on all counts are to be imposed to run concurrently to the extent allowed by the statutory maximum sentence of imprisonment for each count of conviction."  USSG § 5G1.2 cmt. n.1 (2012) (echoing USSG § 5G1.2 cmt. n.1 (2011)).

proceedings.  See Alleyne, 133 S. Ct. at 2160-63 (explaining why "there is no basis in principle or logic to distinguish facts that raise the maximum from those that increase the minimum"). In so doing, we reject the government's contention that we should deny resentencing based on overwhelming and essentially uncontroverted evidence that Bradley sold more than 100 kilograms of marijuana.  See Cotton, 535 U.S. at 633 (concluding that Apprendi error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings where evidence of drug quantity was overwhelming and uncontroverted). The government's contention depends on quantities beyond Bradley's Count One offense of conviction conduct and, thus, is foreclosed by Estrada.

## III.

Pursuant to the foregoing, we vacate Bradley's sentence and remand for resentencing.

VACATED AND REMANDED

13