**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4144

REGINALD BERNARD WHITMORE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-97-367-DWS)

Submitted: October 20, 1998

Decided: November 16, 1998

Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Debra Y. Chapman, Columbia, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, Jane B. Taylor, Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Reginald Whitmore appeals from the district court's judgment sentencing him upon his conviction for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (1994). For the reasons set forth below, we affirm.

In April 1997, Reginald Whitmore, Richard Walker, and two other individuals were indicted in the District of South Carolina on conspiracy and drug distribution charges. Following his indictment, Walker provided law enforcement agents with information about the drug distribution offenses charged in the indictment. Government agents prepared a written report ("DEA 6") summarizing an interview conducted with Walker. This report was later turned over to Whitmore and the other codefendants as part of the discovery process in their criminal cases. Whitmore ultimately pled guilty to Count One of the indictment charging him with conspiracy to distribute and possess cocaine.

At sentencing the government presented the testimony of Drug Enforcement Administration ("DEA") agent Cal Thomas. Thomas testified that after Walker's arrest, he received phone calls from Walker and some of his relatives concerned about the distribution of the DEA 6 in the community. Although Thomas never confirmed that the DEA 6 was being distributed or that Whitmore was the person responsible, Thomas testified that concerned individuals relayed specific information to him that they would not have known about unless the DEA 6 was being disseminated, and that at least one person told him that Whitmore had distributed copies. Thomas further stated that agents had attempted to use Walker to make a controlled purchase of cocaine from "E," an alleged drug source in Florida, but that Whitmore thwarted the plan by informing "E" about Walker's cooperation with federal agents.

Whitmore challenges the two-point enhancement to his base offense level for obstruction of justice. An obstruction of justice adjustment is appropriate "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of

2

justice during the investigation, prosecution, or sentencing of the instant offense." United States Sentencing Guidelines Manual ("U.S.S.G.") § 3C1.1 (1996). Whether Whitmore's conduct amounted to obstruction of justice is a legal question which is reviewed de novo. See United States v. Saintil, 910 F.2d 1231, 1232 (4th Cir. 1990). The district court's factual findings underlying this determination are reviewed for clear error. United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995).

Whitmore first alleges that the government failed to meet its burden of showing that his dissemination of the report and its contents showed his intent to deflect responsibility for the charges against him. The district court's findings that "E" was involved in the conspiracy to which Whitmore pled guilty and that Whitmore called "E" to warn him of Walker's cooperation with federal agents are not clearly erroneous. Whitmore admitted that he spoke to "E" about Walker's cooperation, and moreover, the district court expressly discredited Whitmore's testimony that he called "E" for the innocent purpose of communicating a benevolent message from Walker. A review of the transcript of the phone conversations between Walker and "E" further supports the district court's finding that "E" refused to come to South Carolina to sell Walker cocaine based on his knowledge of Walker's cooperation. Thus, we find no error in the district court's determination that Whitmore's conduct was obstructive and hampered the government's investigation of "E's" drug activities.

We are also unpersuaded by Whitmore's argument that even if he interfered with the investigation of "E," the adjustment was inappropriate because such obstructive conduct did not occur "during the investigation, prosecution, or sentencing of the instant offense." See U.S.S.G. § 3C1.1 (1996). This court reviews questions involving legal interpretations of the Guidelines de novo. United States v. Wessells, 936 F.2d 165, 168 (4th Cir. 1991). This court has held that the term "instant offense" in § 3C1.1 includes a defendant's relevant conduct as defined in the sentencing guidelines. See United States v. Self, 132 F.3d 1039, 1043-44 (4th Cir. 1997), cert. denied , ___ U.S. ___, 66 U.S.L.W. 41 (U.S. Apr. 27, 1998) (No. 97-8510). Moreover, application of the adjustment is not limited to obstructive conduct directly related to the offense of conviction so long as a sufficient nexus exists between the two. See, e.g., United States v. Gacnik, 50 F.3d 848, 852-

3

53 (10th Cir. 1995); <u>United States v. Kim</u>, 27 F.3d 947, 958 (3d Cir. 1994).

Whitmore pled guilty to conspiracy to possess and distribute cocaine. In a conspiracy, relevant conduct includes all acts committed by the defendant and others which are in furtherance of the conspiracy, reasonably foreseeable to the defendant, and within the scope of the criminal activity the defendant agreed to undertake. <u>See</u> U.S.S.G. § 1B1.3(a) (1996). "E's" role as the alleged source of cocaine for the distribution conspiracy charged in Whitmore's indictment makes "E" a coconspirator, albeit unnamed and unindicted, whose conduct is potentially attributable to Whitmore for sentencing purposes. Hence, Whitmore's obstructive conduct hindered the government's investigation of the overarching conspiracy to which he pled guilty. <u>See Self</u>, 132 F.3d at 1043-44; <u>Kim</u>, 27 F.3d at 958. Accordingly, we find no error in the district court's application of the obstruction of justice enhancement.

Whitmore next asserts that the district court erred in denying an adjustment for acceptance of responsibility. Absent extraordinary circumstances the acceptance of responsibility adjustment is not ordinarily available to a defendant who obstructs justice. <u>See</u> U.S.S.G. § 3E1.1, comment. (n.4); <u>United States v. Miller</u>, 77 F.3d 71, 74 (4th Cir. 1996). The district court made an express finding that Whitmore did not admit the full scope of his drug activities and that he perjured himself during the sentencing hearing for the purpose of limiting his potential sentence. In light of these findings and the great deference accorded to the district court's evaluation of a defendant's acceptance of responsibility, <u>see</u> U.S.S.G. § 3E1.1, comment. (n.5), the district court did not clearly err in denying Whitmore the adjustment. <u>See</u> <u>United States v. Cusack</u>, 901 F.2d 29, 31 (4th Cir. 1990).

Whitmore further assigns error to the district court's refusal to grant relief under the safety valve guideline, U.S.S.G. § 5C1.2 (1996), based on his alleged cooperation with the government following his arrest.* A defendant has the burden of proving that he qualifies for

_____

*The "safety valve" provision of § 5C1.2 provides for a sentence reduction if the defendant satisfies five criteria. <u>See</u> 18 U.S.C. § 3553(f)

4

application of the safety valve provision. See United States v. Beltran-Ortiz, 91 F.3d 665, 669 (4th Cir. 1996). The district court's determination of whether Whitmore fulfilled the requirements of § 5C1.2 is a question of fact reviewed for clear error. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989); United States v. Rodriguez, 69 F.3d 136, 144 (7th Cir. 1995). Here, the government asserted without challenge that Whitmore failed to offer a statement about his charged conduct, and the district court made an express finding that Whitmore was withholding information. Accordingly, the district court did not clearly err in denying relief under the safety valve provision of § 5C1.2.

Whitmore's final claim is that the district court erred in sentencing him based on the crack cocaine guidelines because laboratory analysis revealed that he failed to successfully convert into crack cocaine 130.92 grams of the 149.27 grams of cocaine attributed to him at sentencing. The government has the burden of proving by a preponderance of the evidence sentencing factors, including the type and quantity of drugs for which a defendant should be held accountable. See United States v. Estrada, 42 F.3d 228, 231 (4th Cir. 1994). This court reviews the district court's findings on sentencing factors for clear error. United States v. McDonald, 61 F.3d 248, 255 (4th Cir. 1995). Whitmore does not dispute that his intention was to sell crack cocaine and that he represented the cocaine he sold as crack. Further, he pled guilty to conspiracy to distribute cocaine base (crack), and at his Rule 11 hearing admitted his involvement in a conspiracy to sell crack cocaine. See United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993) (recognizing government can meet its burden of establishing sentencing factors based on defendant's admission as part of a plea or during Rule 11 colloquy). Moreover, at least two circuits have held that a defendant's "inept cooking ability" does not relieve him of responsibility for the intended quantity and quality of drugs actu-

_____

(1994). At sentencing the parties stipulated that Whitmore satisfied the first four requirements of the safety valve provision, but disputed whether Whitmore had "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(5).

5

ally seized. <u>See United States v. Campbell</u>, 61 F.3d 976, 983 (1st Cir. 1995) (quoting <u>United States v. Youngpeter</u>, 986 F.2d 349, 354 (10th Cir. 1993)). Therefore, we find no error in the district court's application of the crack cocaine guidelines.

Accordingly, we affirm Whitmore's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6