**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4058

JAMES EDWARD ELLERBE, a/k/a Jim,
a/k/a Ed,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-97-100)

Submitted: January 12, 1999

Decided: February 11, 1999

Before LUTTIG, HAMILTON, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Randolph Riley, J. RANDOLPH RILEY LAW FIRM, Raleigh,
North Carolina, for Appellant. Janice McKenize Cole, United States
Attorney, Anne M. Hayes, Assistant United States Attorney, John S.
Bowler, Assistant United States Attorney, Raleigh, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Ellerbe appeals his conviction and sentence following his guilty plea to aiding and abetting the conspiracy to possess with the intent to distribute and the distribution of cocaine base in violation of 18 U.S.C. § 2 (1994), and 21 U.S.C. § 846 (1994). We affirm.

Ellerbe asserts that the district court erred in denying his motion to withdraw his guilty plea. This court reviews the district court's denial of Ellerbe's motion to withdraw his guilty plea for an abuse of discretion. See United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). A defendant does not have an absolute right to withdraw a guilty plea, see United States v. Ewing, 957 F.2d 115, 119 (4th Cir. 1992), but must present a "fair and just" reason. See Fed. R. Crim. P. 32(e). A "fair and just reason" is one that "essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). An appropriately conducted proceeding pursuant to Fed. R. Crim. P. 11 raises a strong presumption that the guilty plea is final and binding. Id. A district court should consider the following factors in determining whether to allow a defendant to withdraw his plea: (1) whether there has been a delay between the guilty plea and the motion to withdraw; (2) whether the defendant has had the assistance of competent counsel; (3) whether the defendant has made a credible assertion of legal innocence; (4) whether there is credible evidence that the guilty plea was not knowing and voluntary; and (5) whether withdrawal will prejudice the government or will cause inconvenience to the court and waste judicial resources. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). The defendant bears the burden of establishing a fair and just reason even if no prejudice to the government is shown. See Lambey , 974 F.2d at 1393-94.

Application of the above factors supports the district court's refusal to allow Ellerbe to withdraw his guilty plea. Ellerbe waited approxi-

2

mately six weeks after pleading guilty before filing his motion. His motion did not challenge the fairness of his Rule 11 hearing or make an assertion of legal innocence, but instead focused on allegations that counsel tricked and pressured him into pleading guilty. At his plea hearing, however, Ellerbe had assured the district court that he was pleading guilty of his own free will and that he was completely satisfied with counsel's performance. Therefore, his subsequent protests about a deteriorating relationship with counsel were insufficient to satisfy his burden of establishing a fair and just reason for withdrawing his guilty plea, and the district court acted within its discretion in denying his motion.

Ellerbe next contends that the district court erred by denying his motion to replace counsel. "A defendant's right to have a lawyer of his or her own choosing is an essential element of the Sixth Amendment right to assistance of counsel." United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994). The individual's right to have counsel of his choosing, however, is not an absolute right. See id. Rather, the right is circumscribed by the need for the orderly administration of justice. The exercise of the right to counsel of choice may neither "obstruct orderly judicial procedure" nor "deprive courts of the exercise of their inherent power to control the administration of justice." United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988).

The denial of a motion to substitute counsel is reviewed under an abuse of discretion standard. See id. To determine whether the district court abused its discretion, courts generally consider three factors: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into the defendant's complaint; and (3) whether a total breakdown in attorney/client communication had developed such that it prevented the attorney from putting forth an adequate defense. See Mullen, 32 F.3d at 895. However, "[a] request for change in counsel cannot be considered justifiable if it proceeds from a transparent plot to bring about delay." United States v. Hanley, 974 F.2d 14, 17 (4th Cir. 1992) (quoting Gallop, 838 F.2d at 108); see also United States v. Burns, 990 F.2d 1426, 1438 (4th Cir. 1993).

We find that the district court's thorough inquiry into Ellerbe's dissatisfaction with counsel and its consequent finding that Ellerbe's requests to relieve counsel were a manipulative tactic, provided it

3

with a sufficient basis to deny Ellerbe's motion. See Hanley, 974 F.2d at 17. Ellerbe's failure to show prejudice resulting from any breakdown of communication between him and counsel provides further support for the district court's decision and defeats any alleged violation of his Sixth Amendment rights.

Ellerbe's contradictory testimony about his satisfaction with counsel and his inability to articulate substantive fault with counsel's services support the district court's finding that Ellerbe's repeated requests for substitute counsel were a manipulative tactic. At Ellerbe's plea hearing, the district court questioned Ellerbe about his dissatisfaction with counsel. When faced with the district court's unwillingness to accept his guilty plea on this basis, Ellerbe abandoned any pretense of dissatisfaction with counsel's services and assured the court that he was freely and voluntarily pleading guilty. One month later, Ellerbe did another about-face and filed a motion to replace counsel in which he again launched conclusory allegations about counsel's deficient performance. In rejecting this motion the district court heard Ellerbe and Miller's testimony and discredited Ellerbe's assertion that Miller pressured him to lie at his plea hearing. The sincerity of Ellerbe's claimed dissatisfaction with counsel is further undermined by Ellerbe's decision to decline the district court's offer to grant him a continuance so that he could present his objections with the aid of the probation officer's independent review.

The record further suggests that any breakdown of communication between Ellerbe and counsel did not prevent counsel from adequately representing Ellerbe at sentencing. Counsel filed written objections and a sentencing memorandum on Ellerbe's behalf, and competently argued the objections to the district court. He was successful in defeating the government's objection to the two level decrease based on Ellerbe's minimal role in the offense. Moreover, on appeal Ellerbe asserts only that the communication breakdown between him and counsel made an adequate defense "unlikely," but does not assert that he suffered prejudice from counsel's representation.

In light of the district court's finding that Ellerbe's expressions of dissatisfaction with counsel was an attempt to manipulate the court and the lack of any prejudice suffered from counsel's continued repre-

4

sentation, the district court did not err in refusing to award Ellerbe new counsel.

Ellerbe's final claim is that the district court erred in attributing 1.5 kilograms of cocaine to him for sentencing purposes. The government has the burden of proving by a preponderance of the evidence sentencing factors, including the type and quantity of drugs for which a defendant should be held accountable. See United States v. Estrada, 42 F.3d 228, 231 (4th Cir. 1993). In proving these factors, the government may rely upon information found in a defendant's presentence report unless the defendant affirmatively shows that such information is inaccurate or unreliable. See United States v. Gilliam, 987 F.2d 1009, 1014 (4th Cir. 1993). Drug quantities attributable to persons convicted of conspiring to distribute illegal drugs are determined by examining "the quantity of narcotics reasonably foreseeable to each conspirator within the scope of his agreement." United States v. Irvin, 2 F.3d 72, 78 (4th Cir. 1993); see also U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(B) (1996). We review the district court's findings on the amount of drugs for clear error. United States v. McDonald, 61 F.3d 248, 255 (4th Cir. 1995).

Ellerbe's presentence report recommended holding him responsible for 1.5 kilograms of cocaine because the protection and information he afforded his coconspirators enabled them to distribute over fourteen kilograms of cocaine during the course of the conspiracy. Ellerbe did not present evidence challenging the accuracy of this amount. The government, however, presented evidence that in the six years the conspiracy existed Ellerbe had actual and constructive knowledge that the drug dealers he was protecting sold far more than 1.5 kilograms of cocaine. One of Ellerbe's coconspirators admitted to selling as much as twelve kilograms during the course of the conspiracy, while another admitted to selling over ten kilograms. On one occasion Ellerbe discussed with a coconspirator the possibility of personally purchasing a kilogram of cocaine. This evidence and the substantial payments Ellerbe received from his coconspirators support the district court's finding that Ellerbe could have reasonably foreseen the distribution of 1.5 kilograms of cocaine during the course of the conspiracy.

We therefore affirm Ellerbe's conviction and sentence. We further deny Ellerbe's motion to supplement the record on appeal. We dis-

5

pense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument could not aid the decisional process.

AFFIRMED