UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 98-4755

BRIAN KEITH DIXON, a/k/a Gangster,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
Norman K. Moon, District Judge.
(CR-97-40)

Submitted: March 9, 1999

Decided: May 21, 1999

Before ERVIN, NIEMEYER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael T. Hemenway, Charlottesville, Virginia, for Appellant. Rob-
ert P. Crouch, Jr., United States Attorney, Bruce A. Pagel, Assistant
United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Brian Keith Dixon appeals his sentence for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (1994). His sole claim on appeal is that the district court erred in enhancing his base offense level for possession of a firearm during the conspiracy pursuant to United States Sentencing Guidelines Manual § 2D1.1(b)(1) (1998). Finding no merit to his claim, we affirm.

The government has the burden of proving sentencing factors by a preponderance of the evidence. See United States v. Estrada, 42 F.3d 228, 231 (4th Cir. 1994). In proving these factors, the government may rely upon information found in a defendant's presentence report unless the defendant affirmatively shows that such information is inaccurate or unreliable. See United States v. Gilliam, 987 F.2d 1009, 1014 (4th Cir. 1993); United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). The defendant maintains the burden of showing the inaccuracy and unreliability of the presentence report even if the challenged evidence consists of nothing more than uncorroborated hearsay testimony. See United States v. Love, 134 F.3d 595, 607 (4th Cir.) cert. denied sub nom. Sheppard v. United States, 66 U.S.L.W. 3790 (U.S., June 15, 1998) (No. 97-9085); Terry, 916 F.2d at 160-62. This court reviews the district court's findings on sentencing factors for clear error. United States v. McDonald, 61 F.3d 248, 255 (4th Cir. 1995).

Dixon asserts that the evidence was insufficient to connect his use of a weapon to the conspiracy. Dixon's presentence report recommended the § 2D1.1(b)(1) enhancement based on testimony from one of Dixon's co-defendants that Dixon carried a gun during the course of the conspiracy. Although Dixon attempted to demonstrate the unreliability of the co-defendant's testimony by eliciting from the probation officer that he did not personally witness the testimony, Dixon presented no affirmative evidence undermining the reliability of the presentence report and never maintained that he did not possess a gun in connection with the conspiracy. Accordingly, we find no error in the district court's reliance on Dixon's presentence report to find that

2

Dixon carried a gun in connection with the drug distribution conspiracy and thus deserved the § 2D1.1(b)(1) firearm enhancement.

We therefore affirm Dixon's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>